39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George GREENWOOD, Petitioner-Appellant,
v.
E.R. MEYERS, Warden; Attorney General of California,
Respondents-Appellees.
 No. 93-56705.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Greenwood appeals pro se the denial of his petition for a writ of habeas corpus. Greenwood, who is serving a sentence of life without possibility of parole in California for murder and robbery, argues that (1) there was insufficient evidence to establish that his conduct was the proximate cause of the victim's death; (2) the felony-murder rule did not apply to his crime; (3) he received ineffective assistance of trial and appellate counsel; and (4) he was entitled to an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 We review de novo the denial of habeas corpus relief. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994).
 
 
 4
 * Sufficiency of Evidence
 
 
 5
 Greenwood claims the evidence presented at his bench trial was insufficient to prove that his conduct was the proximate cause of the victim's death. We disagree.
 
 
 6
 We must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 Greenwood grabbed and struck his elderly victim, Frank Coffey, in the back of the head with his fist. As Coffey fell forward, Greenwood took his wallet. Coffey hit the left side of his head on the pavement. Coffey entered the hospital awake but within a week his condition deteriorated into a coma. Both the treating physician and the coroner testified that Coffey died as the result of brain injury which led to pneumonia. Thus, the evidence was sufficient to establish that Greenwood's conduct caused the victim's death. See People v. Matta, 129 Cal.Rptr. 205, 210 (Ct.App.1976) ("blows administered by appellant were the proximate cause of the death even though the immediate cause of the victim's demise was pneumonia").
 
 
 8
 Greenwood relies on the testimony of Dr. Ryan, who testified in support of a new trial motion, to argue that conflicting evidence showed that his conduct was not the proximate cause of the victim's death. Although Dr. Ryan testified that Coffey would not have died solely from the initial blow to the top of the head, he also stated that Coffey could have died as a result of the injury he received when his head hit the sidewalk. Because Greenwood is responsible for the victim's fall to the sidewalk, Dr. Ryan's testimony does not refute that Greenwood was the proximate cause of the victim's death.
 
 
 9
 Moreover, Greenwood incorrectly suggests that he bears no criminal responsibility for the death because Coffey's multiple myeloma, a type of bone cancer, weakened his bones and impeded his ability to recover from the blow to the head. "So long as a victim's predisposing physical condition ... is not the only substantial factor bringing about his death, that condition, and the robber's ignorance of it, in no way destroys the robber's criminal responsibility for the death.... [T]he robber takes his victim as he finds him." People v. Stamp, 82 Cal.Rptr. 598, 603 (Ct.App.1969) (defendant liable for death of victim with fatal heart disease when his heart attack was brought on by fright of robbery), cert. denied, 400 U.S. 819 (1970). In addition, both the treating physician and coroner testified that the victim's myeloma had not caused his death, and Dr. Ryan testified only that the pre-existing illness was a contributing factor.
 
 
 10
 Greenwood suggests also that Coffey suffered additional injuries in the hospital, for example, a fall which caused skull, arm, and rib fractures. This speculative argument lacks merit because both the coroner and the treating physician testified that the skull fracture was not the cause of death. Even assuming the hospital mistreated Coffey after his admission, inadequate medical treatment is not an independent intervening cause and does not absolve a defendant from criminal liability. People v. Dilworth, 78 Cal.Rptr. 817, 820 (Ct.App.1969).
 
 II
 Felony Murder
 
 11
 Greenwood argues that the felony-murder rule did not apply to his case because he formed the intent to rob the victim as an afterthought to striking him. This contention lacks merit. An eyewitness testified that as Greenwood struck the victim and held him, Greenwood had his hand in the victim's pocket. Moreover, prior to the offense, Greenwood asked a friend to help him take an old man's wallet. See People v. Ainsworth, 755 P.2d 1017, 1037 (Cal.1988) (felony murder established when evidence showed that the intent to steal was harbored both prior to and during the acts which resulted in the victim's death), cert. denied, 488 U.S. 1050 (1989).
 
 
 12
 In a related argument, Greenwood argues that felony murder requires a strong, clear connection between the victim's death and the robbery because the victim died five days after the robbery. Here, the robbery and the actions causing death were part of one continuous transaction. The record shows an causal connection between the robbery and the death of the victim. See id. (felony murder does not require proof of a strict causal relation between the felony and the homicide if the killing and the felony are parts of one continuous transaction).
 
 III
 Ineffective Assistance of Counsel
 
 13
 To establish an ineffective assistance of counsel claim, a petitioner must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). The same standard applies to appellate counsel. Miller v. Kenney, 882 F.2d 1428, 1433 (9th Cir.1989).
 
 
 14
 Greenwood first alleges that his trial and appellate attorneys were incompetent for failing to object to the application of the felony-murder rule. Because we reject Greenwood's felony-murder argument, Greenwood cannot show that the lawyers' performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687; Miller, 882 F.2d at 1434.
 
 
 15
 Next, Greenwood alleges his trial attorney failed to investigate the proximate cause issue, failed to consult with medical experts, and failed to obtain a readable copy of a lab report regarding the victim's condition. Greenwood has not established that these alleged errors prejudiced him. See Strickland, 466 U.S. at 687. These issues were fully explored in state court when Greenwood's new attorney moved for a new trial. Even considering Dr. Ryan's medical opinion based on the readable copy of the lab report that the victim's illness was a contributing factor to his demise, the trial court determined that the evidence established that Greenwood's acts were the proximate cause of Coffey's death.[1]
 
 
 16
 The district court did not err by disposing of Greenwood's petition without an evidentiary hearing. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.1994) (evidentiary hearing not required when petitioner's claims can be resolved by reference to state court record).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We deny Greenwood's renewed motions for appointment of counsel
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Greenwood did not raise whether his trial attorney rendered ineffective assistance by failing to inform him of the consequences of waiving a jury trial, we do not consider it. See Smith v. United States Parole Comm'n, 875 F.2d 1361, 1369 (9th Cir.1988)